UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No: _____

THOMAS BREZENSKI

    Plaintiff,

v.

ST. THOMAS UNIVERSITY, INC.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS BREZENSKI, by and through his undersigned counsel, sues the Defendant, ST. THOMAS UNIVERSITY, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of DR. BREZENSKI under the Americans with Disabilities Act of 1990, as amended, including the ADA Amendment Act of 2008 ("ADA"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), and to redress injuries done to him by the Defendant, ST. THOMAS UNIVERSITY, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Miami-Dade County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

1

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4. At the relevant time, Plaintiff was a disabled man, and, as such, Plaintiff is a member of a protected class under the ADA and Chapter 760 because the terms, conditions, and privileges of his employment were altered because of his disability.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on August 31, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff as an Assistant Professor in August 2002. The Plaintiff was promoted to Associate Professor in April 2006 and is in this position to this day.

12. As an Associate Professor, Plaintiff's primary duties and responsibilities include teaching four courses, advising students, serving on Defendant's committees, and attending to tasks assigned to him, including recruitment and retention of students.

13. Plaintiff was qualified for his position as an Associate Professor based on his experience and training.

14. The Defendant was aware that the Plaintiff was a disabled man and this caused the Defendant to discriminate against him. On August 8, 2010, the Plaintiff was diagnosed with Bipolar Disorder and began treatment, which continues to this day. In 2015, the Plaintiff notified the Defendant's Department of Human Resources, who then updated the Plaintiff's file with the information. Up until that point and continuing to this day, the Plaintiff has performed well, even earning two university teaching awards. Despite the Plaintiff's capabilities and achievements, Defendant discriminated and retaliated against him due to his disability and his complaint of discrimination.

15. On November 1, 2018, the Plaintiff applied for a promotion to Full Professor of Political Science. The Plaintiff forwarded his promotion folder to Dean Pamela Cingel who presented it to each member of the Department of Social Sciences and Counseling for a vote. In order for a promotion to move forward, the candidate for promotion must have a majority of votes cast in their favor. The Plaintiff's colleagues approved Plaintiff's promotion.

16. On November 12, 2018, Dean Cingel formally notified the Plaintiff that he met all the requirements for a candidate for Full Professor and forwarded his promotion materials to Provost Alfredo Garcia, who then passed it on to the University Rank and Tenure Committee.

17. On February 8, 2019, the Plaintiff met with the University Rank and Tenure Committee to discuss his promotion. They discussed the Plaintiff's research, and Plaintiff thought

the meeting went well, except that one member of the committee raised the topic of the Plaintiff's mental health. The meeting ended shortly thereafter.

18. On April 1, 2019, Provost Jeremy Moreland notified the Plaintiff that his application for Full Professor had been denied without explanation. The Defendant discriminated against the Plaintiff due to his disability.

19. On April 2, 2019, the Plaintiff requested a formal appeal of the denial of his application for promotion. The Plaintiff made this request to Dr. Bryan Froehle, Professor of Theology.

20. On April 16, 2019, the Plaintiff attended a meeting with the Academic Rank, Freedom, Contracts and Tenure Committee (hereafter referred to as the "Appeals Committee") and voiced his concerns about the fact that he was not given any reason for the denial of his application for promotion. The Plaintiff was informed that the Appeals Committee was only concerned about process and not about the reasons for his denial.

21. On April 30, 2019, the Plaintiff was notified via e-mail by Dr. Hillroy Thomas, Associate Professor, that the Appeals Committee denied the Plaintiff's appeal, stating that "all procedures were followed" and that he had received a "fair hearing." The Appeals Committee did not comment on the original decision denying the Plaintiff's promotion.

22. On May 24, 2019, the Plaintiff met with Nadine Lewis-Sevilla, Director of Human Resources for the Defendant. The Plaintiff communicated to Ms. Lewis-Sevilla that he believed he had been discriminated against based on his disability in both the original process regarding his application for promotion as well as in the appeals process.

23. On July 15, 2019, the Plaintiff had a telephone conference with Provost Moreland and Ms. Lewis-Sevilla. Ms. Lewis-Sevilla informed the Plaintiff that the Defendant had concluded

its investigation and found that there was no disability discrimination. The Provost explained that the denial by the University Rank and Tenure Committee was based on the Plaintiff's research, particularly its "impact," despite the fact that this basis for denial is not set forth in the Faculty Handbook as an appropriate basis for denial of a promotion. The Plaintiff cited the failure to follow the Faculty Handbook, the lack of communication from the President, and the complete failure of the Appeals Committee to carry out its mission. Additionally, the Plaintiff cited how his process differed significantly from those he knew and spoke to on campus when their candidacies were initially rejected, and they went through the appeals process. The Plaintiff also raised the prospect of a second, properly conducted appeals process.

24. On August 29, 2019, Provost Jeremy Moreland proposed a meeting between he, the Plaintiff, and President David Armstrong.

25. On September 11, 2019, President David Armstrong and Plaintiff met and discussed the possibility of a second appeals process.

26. On Friday, September 27, 2019, the Plaintiff emailed Provost Moreland confirming President David Armstrong's ordering of a second appeals process and notifying the new chair of the committee to hear the appeal, Dr. Maria Espino.

27. On October 2, 2019, the Appeals Committee met to begin the Plaintiff's appeals process, but the Plaintiff was not present.

28. On October 23, 2019, the Plaintiff emailed Dr. Espino in an effort to expedite the process as it should have been completed by then. The Plaintiff also wanted to submit his materials to be considered for promotion to Full Professor for the 2019-2020 year by the November 1, 2019 deadline.

29. On November 7, 2019 the Appeals Committee sent its final report to President David Armstrong. The Appeals Committee's major findings were that the Plaintiff's portfolio was judged under the wrong criteria and that standards not found in the Faculty Handbook were improperly used to evaluate him for promotion, both of which were significant factors in his denial.

30. Despite the Appeals Committee's findings, on November 18, 2019, President David Armstrong formally denied the Plaintiff's promotion to Full Professor, again without giving any specific reason for doing so. Although the Plaintiff met every requirement for the promotion, he was denied due to his disability and retaliated against for complaining of the discriminatory treatment, meanwhile, other people who were not disabled have been promoted. The Plaintiff currently still works for the Defendant and has been working remotely since August 2020.

31. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")
**(Discrimination on the Basis of Disability)**

32. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here.

33. The ADA forbids discrimination based on disability; prohibiting discrimination in employment, public services, public accommodations, and telecommunications.

34. Plaintiff has a disability as that term is defined under the ADA, and, therefore, is a member of the protected class.

35. At all relevant and material times, Defendant failed to comply with the ADA, which states in relevant part: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong,

consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

36. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

37. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

38. Plaintiff was qualified for the position of Full Professor.

39. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the ADA, as amended.

40. The failure of Defendant to adhere to the mandates of the ADA was willful and its violations of the provisions of the ADA were willful.

41. The Defendant's denial when the Plaintiff applied for promotion to Full Professor of Political Science, despite the Plaintiff being qualified and meeting all requirements, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

42. Because the Plaintiff had a disability, Defendant, through its employees, denied the Plaintiff an opportunity to be promoted to Full Professor.

43. Any allegedly nondiscriminatory reason for the Defendant's failure to promote the Plaintiff is a mere pretext for the actual reasons for the failure to promote Plaintiff; inter alia Plaintiff's disability.

44. Upon information and belief, the Defendant promotes non-disabled employees and/or allows non-disabled employees a fair opportunity without bias to be considered for a promotion.

45. As a result of Defendant's violation, Plaintiff has suffered damages.

46. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the ADA for emotional distress, liquidated damages, prejudgment and post-judgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

**COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Disability)**

47. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here, and says:

48. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in

personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

49. Plaintiff has a disability as that term is defined in the FCRA, and therefore, is a member of a protected class.

50. At all relevant and material times, Defendant failed to comply with the FCRA.

51. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

52. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

53. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

54. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his disability in violation of the FCRA.

55. The Defendant's denial when the Plaintiff applied for promotion to Full Professor of Political Science, despite the Plaintiff being qualified and meeting all requirements, demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law on disabilities and reasonable accommodations.

56. Because the Plaintiff had a disability, Defendant, through its employees, denied the Plaintiff an opportunity to be promoted to Full Professor.

57. Any allegedly nondiscriminatory reason for the Defendant's failure to promote the Plaintiff is a mere pretext for the actual reasons for the failure to promote Plaintiff; inter alia Plaintiff's disability.

58. Upon information and belief, the Defendant promotes non-disabled employees and/or allows non-disabled employees a fair opportunity without bias to be considered for a promotion.

59. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his disability. The discrimination on the basis of disability constitutes unlawful discrimination.

60. As a result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

61. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for emotional distress, liquidated damages, punitive damages, prejudgment and post-judgment interest on his damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: VIOLATION OF ADA
### (Retaliation)

62. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31, inclusive, as though same were fully re-written here.

63. Plaintiff suffered from a disability as that term is defined under the ADA.

64. At all times relevant hereto, Defendant regarded Plaintiff as an individual with a disability and/or an individual with a record of having a disability.

65. Defendant is an employer as that term is defined under the ADA.

66. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination. Specifically, the Defendant denied the Plaintiff's two appeals and refused to timely communicate with him.

67. As a result of Defendant's violation, Plaintiff has suffered damages.

68. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to his reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in his favor against the Defendant by awarding general and compensatory damages and promotion to full professor, front pay and back pay, liquidated damages, prejudgment interest, attorneys' fees and costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

69. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 31 inclusive, as though same were fully re-written here.

70. Plaintiff had the right to voice his grievances that he was being discriminated against.

71. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination. Specifically, the Defendant denied the Plaintiff's two appeals and refused to timely communicate with him.

72. As a result of Defendant's actions, Plaintiff has suffered damages

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's retaliation against Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's retaliation against Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 25th day of November, 2020

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway

Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff