United States District Court
for the
Southern District of Florida

| Thomas Brezenski, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 20-24860-Civ-Scola |
| St. Thomas University, Inc., | ) | |
| Defendant. | ) | |

## **Order Granting Motion to Dismiss and Request for Leave to Amend**

Plaintiff Thomas Brezenski seeks damages from Defendant St. Thomas University, Inc., (the "University") for discriminating against him in violation of the American with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). (Compl., ECF No. 1.) The University has filed a motion to Dismiss arguing that the complaint fails to state a claim for discrimination or retaliation. (Def's Mot., ECF No. 12.) Brezenski responded to the motion, seeking leave to amend the complaint to cure the deficiencies identified by the University. (Pl.'s Resp., ECF No. 17.) The Court will construe Brezenski's response in opposition as a motion for leave to amend. The University opposes the request to amend as improperly raised. (Def.'s Reply, ECF No. 18.)

A party may amend his pleading with leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend pleadings is within the sound discretion of the trial court. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *2 (S.D. Fla. Jan. 28, 2016) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Id.* A substantial reason could include "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

The Court does not find a substantial reason to deny Brezenski's request. As an initial matter, his request for leave to amend was made one month *before* the deadline set by the Court in the scheduling order. *Castros v. Signal Fin. Co. LLC*, No. 1:17-CV-21870, 2018 WL 1137099, at *1 (S.D. Fla. Feb. 4, 2018)

(Moore, J.) (granting request for leave to amend made in response to motion to dismiss, noting that the request was made before the deadline set forth in scheduling order). Additionally, Brezenski seeks to address the deficiencies identified in the motion to dismiss, particularly providing additional facts regarding the temporal connection between disclosure or notice of his alleged disability and the purported misconduct. *Id.* Courts routinely permit such amendments to cure pleading deficiencies in service of the general principle that "decisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)); *see e.g.*, *Glob. Tel\*Link Corp. v. Lee Cty. Sheriff's Office*, No. 2:09-CV-397FTM29SPC, 2009 WL 10670793, at \*1 (M.D. Fla. July 21, 2009) (finding "good cause to allow leave to amend to correct any technical deficiencies" flagged in a pending motion to dismiss). Importantly, amendment is not likely to expand the scope of discovery or alter the scope of the issues presented in the operative complaint. *Castros*, 2018 WL 1137099, at \*1. Thus, allowing for such an amendment is not likely to delay the resolution of this case or prejudice the University.

For these reasons, the University's motion to dismiss **(ECF No. 12)** is **granted** and Brezenski's complaint is dismissed. Brezenski's request for leave to amend is **granted**. The amended complaint is due by **May 28, 2021**. Brezenski is cautioned that failure to file the amended complaint by that date may result in dismissal with prejudice and closure of this action.

**Done and ordered** at Miami, Florida, on May 21, 2021.

Robert N. Scola, Jr.
United States District Judge