United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Thomas Brezenski, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24860-Civ-Scola |
| St. Thomas University, Inc., | ) |
| Defendant. | ) |

### Order Granting in Part and Denying in Part Motion to Dismiss

Plaintiff Thomas Brezenski seeks damages from Defendant St. Thomas University, Inc., (the "University") for discriminating and retaliating against him in violation of the American with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"). (Am. Compl., ECF No. 22.) The University has filed a motion to dismiss the amended complaint in its entirety for failure to state a claim. (ECF No. 23.) The Plaintiff opposes the motion and the University has timely responded. (ECF Nos. 29, 31.) For the reasons stated below, the University's motion is **granted in part and denied in part**. **(ECF No. 23.)**

1. **Background**

The Plaintiff initiated this action for disability discrimination and retaliation under the ADA and FCRA based on the University's denial of the Plaintiff's application for a promotion.

The University hired the Plaintiff as an Assistant Professor in August 2002. (ECF No. 22 at ¶ 11.) The Plaintiff was promoted to Associate Professor in 2006 and remains in this position. (*Id.* at ¶ 12.) In 2015, the Plaintiff notified the University that he had been diagnosed with Bipolar Disorder and had begun treatment. (*Id.* at ¶ 14.)

On November 1, 2018, the Plaintiff applied for a promotion to Full Professor of Political Science. (*Id.* at ¶ 15.) For a promotion application to move forward, the candidate must receive a majority of their colleagues' votes. (*Id.*) On November 12, 2018, Dean Pamela Cingel informed the Plaintiff that he satisfied all the requirements for the promotion and forwarded his application to Provost Alfredo Garcia, who submitted the application to the University Rank and Tenure Committee (the "Committee"). (*Id.* at ¶16.)

February 8, 2019, the Plaintiff met with the Committee to discuss his application. (*Id.* at ¶ 17.) At the meeting, the Plaintiff stated that he intended to be the first Full Professor with a severe mental disability. (*Id.*) During his

interview, Jeffrey Plunkett, a committee member, "indirectly raised the topic of the Plaintiff's mental health." (*Id.*) Plunkett asked whether "given your research, how can you be impartial in your teaching of the subject of gun violence?" (*Id.*) The Plaintiff explained that he was capable of presenting both sides of the issue. (*Id.*) The Plaintiff has "never seen anyone be questioned about the fundamental ability to maintain fairness in teaching within the classroom," although, those other individuals did not have a disability.

On April 1, 2019, the Provost informed the Plaintiff that his application for Full Professor had been denied. (*Id.* at ¶ 18.) The next day, the Plaintiff requested to file a formal appeal of the decision. (*Id.* at ¶ 19.) Pursuant to University's Handbook, a meeting with the Appeals Committee was supposed to be held within ten days of the Plaintiff's appeal request. However, a meeting was not held until April 16, 2019 during which the Plaintiff raised concerns regarding the reasons for the denial of his application. (*Id.* at ¶ 20.) On April 30, 2019, the Plaintiff was notified that the Appeals Committee denied his appeal, stating that "all procedures were followed," and that the Plaintiff had received a "fair hearing." (*Id.* at ¶ 21.) On May 24, 2019, the Plaintiff met with Nadine Lewis-Sevilla, the Director of Human Resources, and voiced his concerns that his application had been denied due to his mental disability. (Id. at ¶ 24.)

The Plaintiff then attempted to meet with the University President David Armstrong as was permitted by the Handbook. After several unavailing attempts, the Plaintiff was able to meet with the University President to discuss a second appeals process. (*Id.* at ¶ 25.) The Plaintiff is aware of nondisabled applicants meeting with the President within ten days after the initial denial of their applications for promotion. (*Id.* at ¶ 22.)

A second appeal commenced on October 2, 2019. (*Id.* at ¶ 28.) On November 7, 2019, the Appeals Committee found that the Plaintiff's portfolio was judged under criteria outside the Faculty Handbook and was improperly evaluated for a promotion. (*Id.* at ¶ 31.) Notwithstanding, on November 18, 2019, President Armstrong denied the Plaintiff's application without explanation and despite the Plaintiff's satisfaction of every requirement for the promotion. (*Id.* at ¶ 32.) The Plaintiff claims he was discriminated against because he is disabled and that he was retaliated against for complaining about discriminatory treatment.

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true,

construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### A. Disability Discrimination

Counts I and II of the amended complaint allege that the University discriminated against the Plaintiff based on his disability of Bipolar Disorder. The University argues that the Plaintiff has failed to state a claim for discrimination through direct or circumstantial evidence.

The FCRA prohibits discrimination against an individual "with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a). The ADA similarly prohibits discrimination on the basis of disability. *See* 42 U.S.C. §§ 12112(a). The Court evaluates a disability discrimination claim under the FCRA using the same framework as ADA claim. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir.2007).

To establish a prima facie employment discrimination case under the ADA, and the FCRA, the employee may show that (1) he has a disability, (2) he is a qualified individual for the position in question, and (3) the employer discriminated against him because of his disability. *Guasch v. Carnival Corp.*, 723 F. App'x 954, 956 (11th Cir. 2018) (citing *Holly*, 492 F.3d at 1255)). The University moves to dismiss on the third element.

Here, the Plaintiff has failed to allege that he was discriminated because he suffers from Bipolar Disorder. The amended complaint alleges that: "Dr. Jeffrey Plunkett...started a line of questioning that brought into question the Plaintiff's mental health. Dr. Jeffrey Plunkett, said, "given your research, how can you be impartial in your teaching of the subject of gun violence?" (ECF No. 22 at ¶ 17.) Viewing the allegations in the amended complaint in the light most

favorable to the Plaintiff, the University denied his application due to concerns about his ability to remain impartial. Indeed the allegations in the amended complaint, without more, do not connect the University's knowledge of the Plaintiff's disability and the denial of his application. At best, this line of questioning demonstrates that the Plaintiff's application was denied due to doubts he could teach multiple viewpoints on an issue based on his research studies. *Glover v. Donahoe*, 626 F. App'x 926, 931 (11th Cir. 2015) (affirming dismissal of employment discrimination claims where the amended complaint alleged that the employee plaintiff was terminated for other non-discriminatory reasons); *J.A.M. v. Nova Se. Univ., Inc.*, No. 0:15-CV-60248-KMM, 2015 WL 4751149, at *4 (S.D. Fla. Aug. 12, 2015), *aff'd*, 646 F. App'x 921 (11th Cir. 2016) (dismissing discrimination claims under the ADA because the plaintiff failed to allege sufficient facts to show that his disability was the reason for the adverse action).

The Plaintiff argues that Glover is not controlling because there, the plaintiff failed to allege a discriminatory motivation *and* did not allege any comparators existed. (ECF No. 29 at 4.) While not disputing that he has not alleged any direct facts of discriminatory intent, the Plaintiff argues that unlike in *Glover*, he has met his burden through circumstantial facts. (*Id.* at 4-5.) The amended complaint alleges that the Plaintiff told the Committee he would like to be the first Full Professor with a severe mental disability, that he knew of other applicants without disabilities that had not had their teaching abilities called into question, other applicants without disabilities were promptly afforded a meeting with the President, and that other persons who were not disabled have been promoted. (ECF No. 20 at ¶¶ 17, 22, 32.) These allegations of circumstantial evidence are insufficient to satisfy the Plaintiff's pleading requirements. The Plaintiff does not identify *any* comparators without a disability and who were promoted, who also had similar experience, applied for similar positions, and conducted similar research were promoted. Nor does the Plaintiff allege that of the comparators whose applications were initially denied and who were able to meet with the President within ten days were ultimately promoted. Accordingly, the amended complaint has failed to state a claim through direct or circumstantial evidence and must be dismissed. *See Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming dismissal of discrimination claims because the plaintiff's "generic[] reference[]" to purported comparators was too "tenuous and conclusory" (alterations added; internal quotation marks omitted)); *Lyla v. State of Florida*, No. 19-cv-23859, (ECF No. 40) (S.D. Fla. Mar. 19, 2020) (Altonaga, J.) (granting motion to dismiss employment discrimination claim because the plaintiff simply alleged that there were other similarly situated comparators who were given better

treatment); *Henderson v. Dade Cty. Police Benevolent Ass'n, Inc.*, No. 14-20321-Civ, 2014 WL 3591600, at *7 (S.D. Fla. July 18, 2014) (Moreno, J.) (finding the plaintiff's allegations that comparators were similarly situated were insufficient because the plaintiff had not alleged that the alleged comparators were equally or less qualified than the plaintiff).

Lastly, the Plaintiff argues that the motion to dismiss should be denied because the Plaintiff has not had the opportunity to discover direct or circumstantial evidence of disability discrimination. (ECF No. 29 at 5-6.) However, this argument is misplaced. While the Court agrees that at this stage, the Plaintiff need not establish a prima facie case of discrimination, the amended complaint must allege sufficient facts to give rise to an inference of discrimination to survive a motion to dismiss. The Plaintiff has not met that burden here and thus, the motion to dismiss is granted on this ground.

### B. Retaliation

In Counts III and IV, the amended complaint alleges claims of retaliation under the ADA and the FCRA. The University moves to dismiss both counts for failure to allege a causal connection between the alleged protected activities and the adverse action.

As with the Plaintiff's discrimination claims, claims for retaliation under the ADA and FCRA are analyzed under the same framework. *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019) ("As with disability discrimination claims, relation claims brought under the FCRA are analyzed under the ADA framework."). In order to assert a claim for retaliation under these statutes, a plaintiff must demonstrate that "(1) he engaged in statutorily protected expression; (2) he suffered an adverse ... action, and (3) the adverse action was causally related to the protected expression." *Shotz*, 344 F.3d at 1180.

To demonstrate that there is a causal connection between the adverse action and the protected activity, a plaintiff must allege "that the protected activity and the adverse action are not completely unrelated." *Jiles v. United Parcel Serv., Inc.*, 360 F. App'x 61, 65 (11th Cir. 2010) (citation and internal quotation marks omitted). "For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." *Matamoros v. Broward Sheriff's Off.*, No. 0:18-CV-62813-KMM, 2019 WL 4731931, at *3 (S.D. Fla. June 8, 2019) (Moore, J.), *aff'd,* 2 F.4th 1329 (11th Cir. 2021).

The Plaintiff alleges that he engaged in the protected activities of "being disabled, disclosing his mental health condition, and complaining of

discrimination", and that he suffered an adverse employment action when his application was denied. (ECF No. 29 at 6.) The Plaintiff disclosed his disability to the University in 2015, over three years before the adverse employment action. Thus, any retaliation claims premised on that event must fail for a lack of causal connection. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

The Plaintiff's retaliation claims survive with regards to his complaints of discriminatory treatment. The amended complaint alleges that in May 2019, the Plaintiff first complained of disability discrimination to Human Resources. In September 2019, the Plaintiff was finally able to meet with the University President to discuss a second appeal. Notably, this meeting took place five months after the initial denial of the Plaintiff's application and was inconsistent with University policy that requires that the President meet with applicants within ten days of the denial of their application. In November 2019, the Appeals Committee found that that Plaintiff's application had been wrongly evaluated. Despite the Appeals Committee's finding, the President denied the Plaintiff' application without explanation and the months of delay prevented the Plaintiff from applying for a promotion for the 2020 school year.

The University argues that there is a substantial delay between the protected expression and the adverse action. However, in light of the aforementioned allegations, it would be premature to dismiss the Plaintiff's claims. *Matamoros*, 2019 WL 4731931, at *4. The Plaintiff has alleged facts that could be considered other evidence of retaliation, such as the denial of his application despite the Appeals Committee's findings of error. *Id.* (citing *Richie v. Mitchell*, No. 5:14-CV-2329-CLS, 2015 WL 3616076, at *6 (N.D. Ala. June 9, 2015) (denying motion to dismiss and finding that although the temporal proximity may be too tenuous to state a retaliation claim, "some other facts alleged by plaintiff … could also be considered as *other* evidence of retaliation").

### 4. Conclusion

For these reasons, the University's motion to dismiss is **granted in part and denied in part**. (**ECF No. 23.**) Counts I and II for disability discrimination are dismissed and Counts III and IV for retaliation survive.

**Done and ordered** at Miami, Florida, on August 5, 2021.

Robert N. Scola, Jr.
United States District Judge